**Michael A. Josephson**
mjosephson@mybackwages.com
**Richard M. Schreiber**
rschreiber@mybackwages.com
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, TX 77046
Phone 713 352 1100
Pax    713 352 3300

**Matthew S. Parmet** (CSB # 296742)
matt@parmet.law
**PARMET PC**
340 S. Lemon Ave., #1228
Walnut, CA 91789
phone 310 928 1277

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## EASTERN DIVISION

| | |
|---|---|
| JOHN LUNDY, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>vs.<br><br>SPECIALIST STAFFING SOLUTIONS, INC. d/b/a PROGRESSIVE GLOBAL ENERGY,<br><br>          Defendant. | Case No. 5:19-cv-01451-JGB-SP<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO APPROVE SETTLETMENT AGREEMENT** |

John Lundy ("Plaintiff") files this Unopposed Motion for Approval of Settlement and in support would show as follows:

## I.    INTRODUCTION AND BACKGROUND

Plaintiff filed the instant complaint against Defendant Specialist Staffing Solutions, Inc. d/b/a Progressive Global Energy (Progressive or "Defendant") on August 5, 2018, alleging six causes of action related to his employment with Defendant for (1) Failure to pay overtime compensation under FLSA; (2) Failure to pay wages under California Labor Code; (3) Failure

1    to provide compensation for missed meal and rest periods under California Labor Code; (4)

2    Violations of record keeping requirements under California Labor Code; (5) Waiting time

3    penalties under California Labor Code; and (6) Violation of Unfair Competition Law under

4    California Business and Professions Code.

5    Defendant denied Plaintiff's allegations and asserted affirmative and other defenses.

6    The Parties' Confidential Agreement resolves all claims asserted in this case. The Parties

7    and their counsel recognize the expense of continued proceedings, the uncertainty and risk of

8    any litigation, as well as the difficulties inherent in such litigation. In support of the request for

9    approval of the Agreement, Plaintiff believes the Agreement will reasonably compensate him

10    for all causes of action asserted against Defendant, including for any and all claims arising under

11    the FLSA and California law. Additionally, Plaintiff and his counsel confirm: (a) Plaintiff fully

12    understands the Agreement; (b) the Agreement specifically applies to a knowing and voluntary

13    release of the rights and claims Plaintiff may have against Defendant; and (c) Plaintiff consulted

14    with his counsel before signing the Agreement and has entered into it knowingly and voluntarily.

15    As shown through this Motion and Stipulation, the proposed settlement is the result of

16    arm's-length negotiations, conducted by experienced counsel, after extensive motion practice,

17    discovery disputes, formally and informally exchanging information, and engaging in substantial

18    negotiations. The terms of the Agreement are reasonable and appropriate and fair to all parties

19    involved. Accordingly, Plaintiff asks the Court to approve the Agreement and to enter an order

20    dismissing the lawsuit with prejudice.

21    II.    **SETTLEMENT TERMS**

22    As set forth in the attached Agreement (Exhibit "A"), Plaintiff agrees to release

23    Defendant of any and all claims (including wage and hour claims), known or unknown (subject

24    to California Civil Code Section 1542), in exchange for Defendant's monetary consideration.

25    Plaintiff's Settlement Award as defined in the Agreement, will be subject to applicable taxes and

26    withholdings and paid through an IRS Form W2.

27    III.    **ARGUMENT**

28    The Agreement represents a fair compromise of a bona fide dispute concerning

1  Plaintiff's individual claims. The parties have not sought to settle any class or collective claims.

2  The FLSA provides that "any employer who violates the provisions of section 206 or 207 of

3  this title shall be liable to the employee … affected in the amount of their unpaid minimum

4  wages, or their unpaid overtime compensation, as the case may be." 29 U.S.C. § 216(b).

5      The Court has broad discretion in determining whether to approve a proposed

6  settlement. There is a "strong judicial policy that favors settlements" and an "overriding public

7  interest in settling and quieting litigation" particularly where FLSA collective and class action

8  litigation is concerned. (*Class Plaintiffs v. Seattle*, 955 F.2d 1268, 1278 (9th Cir. 1992).) A

9  settlement will be approved if the settlement is found to be fair, adequate, and reasonable. (*See*

10  *Harris v. Vector Mktg. Corp.,* 2012 WL 381202, \*2 – \*4 (N.D. Cal. Feb. 6, 2012).) Indeed, the

11  Ninth Circuit "has long deferred to the private consensual decision of the parties" regarding the

12  amount of settlement and "put[s] a good deal of stock in the product of an arms-length non-

13  collusive negotiated resolution." (*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009).)

14  Generally, a presumption of fairness exists where: (1) the settlement is reached through arm's

15  length bargaining; (2) investigation and discovery are sufficient to allow counsel and the court

16  to act intelligently; (3) counsel is experienced in similar litigation; and (4) the percentage of

17  objectors is small. (*Dunk v. Ford Motor Co.*, 48 Cal.App.4th 1794, 1802 (1996).) The proposed

18  settlement here easily satisfies the above requirements, as this motion is unopposed and there

19  are no objectors because the settlement is limited to Plaintiff's individual claims against

20  Defendant, and not those of any other individual.

21      A.    <u>THIS SETTLEMENT IS WITHIN THE RANGE OF REASONABLENESS.</u>

22      Given the value of the settlement sum, the strengths and weaknesses of Plaintiff's claims,

23  and the procedural posture, the Settlement Agreement is well within the range of

24  reasonableness. As noted in the Agreement, Defendant will pay the gross sum of $42,500.

25  Defendant, but maintains it paid Plaintiff in accordance with the law at all times (meaning

26  Plaintiff would be entitled to $0 in unpaid wages or corresponding damages and penalties).

27      The continued litigation of this matter would be costly, time-consuming, and uncertain

28  in outcome. If litigation were to continue, the parties would likely expend significant resources

due to the complexity and likely duration of the litigation. The Parties worked to resolve various complex, disputed issues, such as issues regarding conditional certification, motion for summary judgment, numerous discovery disputes, tolling, and damage calculations. If this case was not contemporaneously settled, there would undoubtedly be extensive future work to come, including dispositive motions, depositions, associated discovery disputes including possible subpoenas to a substantial number of third-parties, questions regarding applicability of the FLSA, good faith, willfulness, dispositive motions, pretrial motions, trial, and potential appellate issues. Plaintiff's Counsel is confident Plaintiff would eventually prevail, the risks of this litigation should not be taken lightly. Weighed against the risks, Plaintiff's counsel believes the Settlement Agreement is reasonable and warrants approval.

Most importantly, Plaintiff is recovering 100% of his alleged back wages after attorneys' fees and costs. Exhibit B, Schreiber Decl. ¶20.

## B. The Settlement Resulted from Arm's Length, Informed Negotiations

The Settlement here is the product of arm's length negotiations between attorneys who are highly experienced in employment cases and who are well-informed about the facts and legal issues. Plaintiff's counsel is very well positioned to evaluate the relative strengths and weaknesses as well as the benefits of this Settlement. Likewise, both Parties engaged in extensive negotiations to arrive at the ultimate settlement terms.

After over a year of heated motion practice, discovery disputes, merits-based arguments, emergency motions, and negotiations with numerous back-and-forth conversations, Plaintiff and Defendant reached an agreement. Following the agreement in principle, the parties drafted and negotiated the Agreement which memorializes the terms of the terms of the Parties negotiations. There were substantial negotiations between Plaintiff and Defendant regarding both monetary and non-monetary terms. Several drafts were exchanged before the parties came to final agreement regarding the documentation of the proposed Settlement to be submitted to the Court.

PLAINTIFF'S UNOPPOSED MOTION TO APPROVE SETTLEMENT

## C. Plaintiff's Counsel's Attorneys' Fees Should be Approved

The Agreement specifically designates $30,000 of the settlement as payment for attorneys' fees and costs, to be paid directly by the Defendant. Ex. A. Designating a portion of a settlement as attorneys' fees is appropriate and commonplace in the context of the FLSA, which has a fee-shifting provision such that the prevailing party would be entitled to receive attorneys' fees from the opposing party. (29 U.S.C. § 216(b); *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *4 (N.D. Cal. Jan. 13, 2016). ("Because settlement of a FLSA claim results in a stipulated judgment (at least when in district court), this provision [§ 216(b) ] applies even where parties settle an individual action.") (internal citations omitted); *Goodwin v. Citywide Home Loans, Inc.*, No. SACV 14-866-JLS (JCGx), 2015 WL 12868143, at *2 (C.D. Cal. Nov. 2, 2015) (observing the FLSA "requires that a settlement agreement include an award of reasonable attorneys' fees").)

Here, the requested $30,000 fee is also reasonable given the lodestar cross-check. As Plaintiff's Counsel put in significant work. Exhibit B, Schreiber Decl. ¶¶16-24. Plaintiff's Counsel expended over 100 hours in litigating this matter. Ex. B, ¶22. This amount does not include paralegal, clerk, and assistants' fees. *Id.*, B, ¶23. This also assumed that all correspondence was labeled as .1 of an hour. *Id.* Using Plaintiff's Counsel's normal fee schedule, they would have billed double this amount. *Id.* Attorneys' fees is further supported by the results obtained and the uncertainty and complexity of the litigation. Plaintiff will receive 100% of his back wages. Ex. B at ¶20. This is an excellent result. This number will not be reduced by attorneys' fees or costs. *Id.* The recovery by the Plaintiff after fees and costs is well above the normal range for settlements of this nature which have been approved by courts nationwide. *Id.* This is especially true considering the highly contested nature of the litigation.

Further, this is the agreement the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (holding, in a class action, "the court cannot modify the bargained-for terms

of the settlement agreement"); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d 320 (5th Cir. 2014), *cert. denied sub nom. BP Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526 (E.D. La. Jan. 23, 1996) (overruling the magistrate's modification to consent judgment because courts lack authority to modify a settlement agreement). Courts have found that "any process of judicial review and approval of stipulated attorneys' fees in the event of a settlement of civil rights litigation is more deferential than resolving attorneys' fees in a disputed case." *See, e.g., Melgar v. OK Foods*, 902 F.3d 775 (8th Cir. 2018) (reversing district court's reduction of attorney fees from the agreed-upon settlement amount in an FLSA action).

The quality of this result speaks for itself, and no further analysis, or speculation about net expected value, is required. *Wong v. Accretive Health, Inc.*, 773 F.3d 859, 863-864 (7th Cir. 2014).

## IV.    **CONCLUSION**

The Parties agree that the terms reflected in the Agreement are mutually satisfactory and represent an adequate, fair, and reasonable resolution of this lawsuit. Plaintiff therefore respectfully requests the Court approve the Agreement and dismiss this entire action with prejudice.

Respectfully submitted,

*/s/ Richard M. Schreiber*

By: _____

**Michael A. Josephson**
**Richard M. Schreiber**
**JOSEPHSON DUNLAP LLP**

**Matthew S. Parmet**
**PARMET PC**

**Attorneys for Plaintiff**

## CERTIFICATE OF CONFERENCE

The Parties conferred and Defendant is unopposed to the relief requested in this Motion.

*/s/ Richard M. Schreiber*
Richard M. Schreiber

## CERTIFICATE OF SERVICE

This Motion was served on all parties via ECF on May 5, 2021.

*/s/ Richard M. Schreiber*
Richard M. Schreiber

PLAINTIFF'S UNOPPOSED MOTION TO APPROVE SETTLEMENT